■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE SMITH, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 28, 1965, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial granted. No questions of fact were considered. At the trial, detective Ridings was permitted to testify to a conversation had with defendant's brother not in defendant's presence to the effect that defendant was at the scene of the slaying and that the brother had seen flashes from an object in defendant's hand. This testimony was inadmissible and highly prejudicial (cf. *People* v. *Gould,* 25 A D 2d 160, 161). We are also of the opinion that there was sufficient basis in the record to justify the requested instruction as to self-defense which was refused by the trial court. On the retrial, the voluntariness of defendant's statement may be determined in accordance with the provisions of the Code of Criminal Procedure (§ 813-f *et seq.*). Defendant may not be retried for murder in the first degree (*People* v. *Ressler,* 17 N Y 2d 174). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GENE SMITH, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 24, 1964, convicting him of attempted robbery in the first degree and possession of a dangerous weapon as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No questions of fact have been considered. On cross-examination, an accomplice testifying for the People denied that he had been promised a light sentence in exchange for his testimony. In summation, an Assistant District Attorney told the jury that a colleague who had taken part in the trial earlier was "an honorable member of the profession" and that, if the colleague had made any promises to the accomplice, it would have been his duty to tell the jury. This statement in summation placed the veracity and position of an Assistant District Attorney in issue and was reversible error (cf. *People* v. *Jackson,* 7 N Y 2d 142, 144–145; *People* v. *Lovello,* 1 N Y 2d 436, 438–439.) It was also serious error for the trial court to refuse to instruct the jury that, if they found the codefendant Howard to be an accomplice, no conviction could be had upon his testimony unless he was corroborated by such other evidence as tended to connect defendant with the commission of the crime (Code Crim. Pro., § 399; *People* v. *Capuano,* 15 A D 2d 400, 402; *People* v. *Mosher,* 12 A D 2d 878; *People* v. *Curatolo,* 7 A D 2d 996). Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BILLY MABRY, Appellant, v. EDWARD M. FAY, as Warden, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, entered January 22, 1965, which dismissed the writ and remanded him to respondent's custody. Judgment affirmed, without costs. (*People ex rel. Wilkes* v. *Doherty,* 25 A D 2d 451; *People ex rel. Grillo* v. *La Follette,* 25 A D 2d 451; *People ex rel. Lee* v. *Fay,* 23 A D 2d 968.) Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.